UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No.: 17:CR-107(20)DWF/TNL

United States of America,

        Plaintiff,

vs.

**RULE 16 REQUEST FOR PRETRIAL DISCOVERY**

Waralee Wanless,

        Defendant.

The defendant, by and through his attorney, hereby moves the Court for an order, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and such other statutory and constitutional rules relating to discovery, directing the plaintiff to permit discovery, inspection and copying of the following:

    1. All statements, confessions, admissions, remarks, or utterances of the defendant made to investigation officers or to third parties, including those statements, admissions, remarks and utterances which may have been incorporated in any report, statement, memorandum or other document or recording prepared by any person or federal, state or local government agents, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.  In addition, the names of those officers present at the time the above statements were made.

    2. Copies of defendant's prior criminal record, if any, and whether federal, state or local.

    3. Any inventory of physical and documentary evidence obtained by plaintiff whether by seizure, process or other means, intended to be offered as evidence at the trial of this case, including its place and date of seizure, its present location, the name of the present custodian and an

opportunity to inspect and make copies thereof. This request includes, but is not limited to, documents and tangible objects obtained from or belonging to the defendant.

4. All physical and documentary evidence obtained by the plaintiff whether by seizure, process or other means arguably relevant to the case which the plaintiff does not intend to use as evidence at the trial of this case.

5. Any results or reports of physical or mental examinations, any results or reports or scientific tests or experiments which are material to this case, including, but not limited to, reports and tests relating to chemical analysis, metallurgy, fingerprints, voice prints, and handwriting which are within the possession, custody or control of the plaintiff. This request includes copies of any physical or mental examinations of government witnesses which may have relevance to the competence or credibility of a government witness.

6. If any expert witness will be called by the plaintiff, his name, address, qualifications, subject of testimony, together with a copy of report thereof.

7. Provide a specific description of the circumstances of any search, and of the manner of search including:

(a)  Officers or third persons present;

(b)   Items which are seized and the exact location of their seizure;

(c)   The exact time of the search and the exact time of the seizure of each item;

(d)   The manner of entry into the place where any items were seized;

(e)   Copies of all search warrants and supporting affidavits.

8. For any and each co-conspirator and/or co-participant named or not named in this indictment but known to the government, his name, address, and statement, if any was taken, and if no written statements were obtained, the investigating officer's interview report relating to any

co-participant's statement, activity and testimony. In addition, the name of the investigating officer or officers present at the time these statements were taken.

      9. The names and addresses of all witnesses whom the plaintiff intends to call in this case.

      10. The names and addresses of all witnesses to the transactions described in the indictment whom the plaintiff does not intend to call in this case.

      11. Copies of all statements made by witnesses in this case, whether or not the plaintiff intends to call the witness, which are in the possession, custody or control of the plaintiff no later than fifteen working days before trial.

      12. State whether any intended government witness has any arrest or conviction record whatsoever, whether federal, state or local and the nature of the offense.

      13. The names and addresses of all persons who gave testimony before the Grand Jury which returned the indictment herein.

      14. The minutes and transcript of all Grand Jury proceedings which returned the indictment herein.

      15. All information in whatever form, source or other nature which tends to exculpate the defendant either through his innocence or through the potential impeachment of any government witnesses; and all information of a similar nature which may be or become of benefit to the defendant in preparing for or presenting the merits of his defense of innocence at trial. Since plaintiff and defendants may differ in their opinions as to what constitutes exculpatory evidence, defendant requests that the court examine in camera, plaintiff's files for evidence exculpatory to defendant.

16. The names and addresses of any governmental witness whether intended to be called at trial or not, purporting to be reliable, confidential informants, and any statement given by such person to law enforcement officers.

17. All evidence of any promises made and/or valuable consideration paid to any undercover agents or any persons acting in the employ of the government or acting in its behalf in connection with the case in exchange for this testimony and/or involvement with this case.

18. The dates, times and places of any previous undercover operations involving defendant herein authorized by federal, state or local authorities or known by federal, state or local authorities, involving confidential informants or government witnesses in the case at bar.

19. Reports, files, notes, photographs, tape recordings, and evidence gathered or provided by confidential informants or government witnesses on a previous case.

20. Describe in detail any prior similar acts of defendant the government intends to introduce at trial and disclose all information requested in this motion as it may relate to said prior similar acts.

21. Provide defense counsel with a statement describing in detail the methods and procedures used to identify the defendant and/or co-participants as the perpetrators of the offense alleged in the indictment, including the following:

   (a) The names and addresses of all persons to whom photographs were exhibited, or audio tapes played for the purpose of identification, and when and where these displays or playbacks took place.

   (b) Copies of all photocopied exhibits, or audio tapes played for the purpose of identification in connection with this case.

   (c) The names and addresses of those persons who identified the defendants and/or any known co-participants from these photographs or audio tapes as perpetrators of this offense, and those who were unable to identify said person.

22. A written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

Defendant requests the court pursuant to Rule 15(c) to direct the United States Attorney to promptly supply to counsel for the defendant any material ordered produced pursuant to this motion which comes into the possession, knowledge, or control of the United States Attorney subsequent to the entry of the orders requested or during the course of the trial and further promptly advise counsel for the defendant of the existence of any such materials should such knowledge be brought to the attention of the United States Attorney.

Defendant further requests that the court order plaintiff to comply with the discovery order no later than three working days after the hearing date.

This motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

Respectfully Submitted,

RIVERS LAW FIRM, P.A.

Dated: *June 29, 2017*     By:   s/ *Bruce Rivers*
Bruce Rivers (#282698)
Attorney for Defendant
701 Fourth Ave. South, Suite 300
Minneapolis, MN 55415
Tel: (612) 339-3939
Fax: (612) 332-4003
Email: *riverslawyers@aol.com*
ATTORNEY FOR DEFENDANT