UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

----------------------------------        Case No.: 17-cr-107(20) (DWF/TNL)

UNITED STATES OF AMERICA,

          PLAINTIFF,
vs.                            **MOTION TO RECONSIDER**
                                    **DETENTION ORDER**

WARALEE WANLESS,

          DEFENDANT.

----------------------------------

Defendant, by and through her attorney, respectfully moves the Court pursuant to 18 U.S.C. § 3145 (b) to reconsider the order of detention in this matter.

The Magistrate's Detention Order was predicated on a finding that, Ms. Wanless posed a danger to the community. With respect to the mandate that the Court must be convinced that *no* combination of conditions could reasonably assure the Defendant's court appearance or the public safety in order to impose the Detention Order, United States v. Salerno, 481 U.S. 739, 750 (1987). United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Simone, 317 F. Supp.2d 38 (D.Mass., 2004); United States v. DiGiacomo, 746 F.Supp. 1176, 1180-81 (D.Mass.1190)), the Defendant submits for the Court's Reconsideration of the Detention Order that the addition of the following combination of conditions meet both criteria that she attend all Court proceedings as well as assure the public safety:

    a)     The Defendant shall post a personal surety bond with the agreement and understanding that such bond or property will be forfeited in the event that any

one of the conditions herein is violated as determined by the Court.

b) The Defendant shall participate in the following home confinement program and abide by all the requirements of the program which will include electronic monitoring and Global Positioning System. She shall pay all of the costs of the program:

**Home Incarceration:** Defendant is restricted to her residence twenty-four hours per day at all times except, upon advance notice to her Pre-Trial Services officer: the Defendant may leave her residence in order to attend medical needs or treatment for herself; go to court as required; or meet with her attorney. Defendant shall notify the United States Probation Department in advance for any departure from her residence as outlined above, except in the case of a medical emergency.

**Third Party Custodian:** The Defendant must reside with her husband, who shall serve as third-party custodian of the Defendant.

c) The Defendant will also be prohibited from possessing or using any cellular phones, pagers, modems, fax machines and internet on-line services.

d) The Defendant shall submit to a search of her person, property, vehicle, and place of residence, or any other property under her control, and permit confiscation of any evidence or contraband discovered in accordance with the district-approved search policy.

e) The Defendant shall surrender any passport to the Clerk of Court or the Federal Bureau of Investigation, and the Defendant shall obtain no new passport.

f) The Defendant shall avoid all contact, direct or indirect, with any potential witness in the subject investigation in this case or related cases, unless in the presence of her attorney, including any person set forth on a listed provided by the United States. Any inadvertent contact must be reported to the U.S. Probation Department within 24 hours.

g) The Defendant shall not possess a firearm, destructive device or other dangerous weapons, radio scanner equipment and other counter-surveillance equipment, either directly or indirectly.

The Government must prove by clear and convincing evidence that *no* combination of

conditions will reasonably assure the safety of any other person and the community. Id. See also, United States v. Chimurenga, 760 F.2d 400 (2nd Cir. 1985) (emphasis supplied). Because of the interference of pre-trial detention with the "important[t] and fundamental ... right" of liberty, the Court should not make such a finding lightly. United States v. Salerno, 481 U.S. 739, 750 (1987).

Therefore, Defendant respectfully moves the Court to (i) revoke the Detention Order dated May 31, 2017 issued by Magistrate Paul D. Stickney of the United States District Court for th Northern District of Texas, and (ii) release Ms. Wanless pursuant to 18 U.S.C. § 3142 (c) subject to restrictive conditions, or combination of conditions, that will reasonably assure the appearance of Ms. Wanless before this Court, including some or all of the following:

- Surrender of passport and pledge not to seek new travel documents.
- Waiver of right to contest extradition.
- Home incarceration at her home located in The Colony, Texas with electronic and GPS monitoring.
- Heightened reporting to Pretrial Services as directed.
- Multiple co-signers with moral suasion.
- A bond secured by assets.
- Any other conditions that the Court deems to be just and proper.

Respectfully submitted,

Dated: 8/17/2017

RIVERS LAW FIRM, P.A..

By: /s/ Bruce R
Bruce Rivers
Attorney I.D. No. 282698
Attorneys for Defendant
701 Fourth Avenue South, Suite 300
Minneapolis, Minnesota 55415
Telephone: (612) 339-3939