UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-cr-107-20 (DWF/TNL)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WARALEE WANLESS,
a/k/a Wan,
a/k/a Waralee Duarte,
a/k/a Waralee Alcaraz,

      Defendant.

**RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER DETENTION ORDER**

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Melinda A. Williams, Laura M. Provinzino, and Julie E. Allyn, Assistant United States Attorneys, hereby moves this Court, pursuant to 18 U.S.C. § 3145, to deny the defendant's motion to reconsider detention, Doc. No. 326. The defendant was properly ordered detained in the Northern District of Texas for her role as a trafficker and house boss for an international sex trafficking organization. There is no new information, change in circumstances, or other "exceptional" reason justifying release.

## FACTUAL AND PROCEDURAL BACKGROUND

1.  On May 24, 2017, defendant Waralee Wanless was arrested near Dallas/Fort Worth, Texas, during a nationwide takedown of an international sex trafficking and money laundering organization. The defendant has been indicted by a grand jury in *United States v. Michael Morris, et al.*, 17-cr-107 (DWF/TNL), and is charged with Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594 (Count 1); Conspiracy to Commit Transportation to Engage in Prostitution in violation of 18 U.S.C. §§ 371 and 2421 (Count 3); Conspiracy to Engage in Money Laundering in violation of 18 U.S.C. § 1956(h) (Count 4); and Conspiracy to Use a Communication Facility to Promote Prostitution in violation of 18 U.S.C. §§ 371 and 1952 (Count 5).[1] If convicted of the offenses after trial, the defendant faces an advisory sentence under the U.S. Sentencing Guidelines of approximately 360 months – lifetime incarceration.[2]

---

[1]   The instant indictment involves the same criminal sex trafficking organization that was the subject of the government's September 2016 seventeen-person indictment in *United States v. Sumalee Intarathong, et al.*, 16-cr-257 (DWF/TNL). The government would note that no member of the criminal sex trafficking organization operating at the house boss level or higher like Wanless has been released pending trial.

[2]   This estimated guidelines calculation is intended to assist the Court in determining the defendant's incentive to flee and is based on calculations for defendants in the *Intarathong* case facing the same charges.

2.      U.S. Probation and Pretrial Services prepared a bond report in the Northern District of Texas in advance of the detention hearing.  While some of the information provided by defendant remained unverified (in part, given her inability to provide the contact information for her current husband and children), Probation Officer Wayne Poton recommended detention based on both the defendant's risk of non appearance and risk of danger to the community.  This recommendation was based on (1) the offense charged; (2) the defendant's strong ties to a foreign country; and (3) safety concerns for the community.  The defendant's strong ties to Thailand were identified in the bond report, which includes a father with whom she communicates with frequently, four siblings, and a 21-year-old child.  Wanless frequently travels to Thailand, including as recently as March 2017.  Wanless holds a valid Thai passport and is a Thai national.  (As noted at previous hearings, this Court cannot prevent the Thai government from issuing a passport to one of its citizens.)  While Wanless has lawful permanent resident status in the United States, she has not yet naturalized.  Wanless could be subject to deportation upon conviction in this case.

3.      On May 25, 2017, following her arrest, the defendant was brought before a magistrate judge in the Northern District of Texas – Dallas Division.

A detention hearing was held on May 31, 2017. The Honorable Paul D. Stickney ordered Waralee Wanless detained finding

> Ms. Wanless would be a danger to the safety of the community if released from custody during the pendency of this action. In consideration of the alleged offense, a crime of violence, the Court finds she has not rebutted the presumption that she is a danger to the safety of the community. Due to the nature and extent of the criminal activity, this Court concludes that there is no condition or combination of conditions of release which could be set which would reasonably assure Ms. Wanless's appearance at future court hearings and protect the safety of the community.

Doc. No. 77 at 8.

## **LEGAL STANDARDS**

4. Title 18, United States Code, Section 3142(f) identifies when the Court must hold a detention hearing, which includes cases involving crimes of violence, felony offenses, and violations of 18 U.S.C. § 1591 (Sex Trafficking by Force, Fraud, and Coercion). Title 18, United States Code, Section 3142(g) specifies factors that the court shall consider in its analysis of whether any condition or combination of conditions would assure a defendant's appearance before the Court and the safety of the community, as follows:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the [defendant];

  (3) the history and characteristics of the [defendant], including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  5. Finally, the charge of conspiracy to commit sex trafficking by force, fraud, or coercion carries a rebuttable presumption that no condition or combination of conditions will reasonable assure the defendant's appearance as required or community safety. 18 U.S.C. § 3142(e)(3)(D). This is an important factor that Wanless was unable to rebut at the earlier detention hearing. Even if she were to rebut the presumption, it becomes an additional factor to weigh in favor of detention.

  6. Pretrial detention may be ordered either upon (1) a clear and convincing showing that release will result in a danger to the community, or

(2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Such a showing was made by the Honorable Paul D. Stickney in the Northern District of Texas where Wanless was ordered detained.

7. A magistrate judge's detention decision is subject to *de novo* review by the district court judge. *See United States v. Maull*, 773 F.2d 1479, 1485 (8th Cir. 1985). In its discretion, the district court may proceed to rehear the evidence to support detention presented to the magistrate judge and may consider additional evidence or arguments not raised previously. *Id.* at 1484. Here, Wanless offers little more than suggestions of release conditions. She offers no new information, change in circumstances, or other "exceptional" reason justifying release. As such, her motion should be respectfully denied.

## ARGUMENT

8. In this case, where the defendant is a "trafficker," "house boss," and money launderer for an international criminal sex trafficking organization that continues to operate throughout the United States and abroad, and where the defendant has access to cash (with a reported positive cash flow of $7,000/mo.) and every incentive to flee, the only condition that will assure the defendant's appearance and the safety of the community is the defendant's

detention. As discussed in detail below, the 3142(g) factors weigh heavily in favor of the defendant's detention, particularly the nature and circumstances of the instant offense (detention factor 1) and the weight of the evidence against the defendant (detention factor 2).

9. Concerning the nature and circumstances of the offense, as set forth in the superseding indictment, the defendant is a member of a deeply entrenched and highly sophisticated sex trafficking and money laundering organization that has operated since at least 2009. While the Superseding Indictment does not set forth all of the facts known about Wanless's involvement in the organization, those facts were made known to the magistrate. As charged in the superseding indictment, Wanless was identified as a trafficker, meaning that she holds the debt bondage or "mother tax" on some of the victims of the organization. Further, Wanless was part of a separate human trafficking investigation in 2013, which resulted in the execution of search warrants at five locations in and around Dallas, Texas. One of the houses of prostitution, located at Vitruvian Way, had a lease in Wanless's name. While there were significant indications that the location was a house of prostitution, that case under investigation by the Addison (Texas) Police Department (F-1310019) was ultimately dismissed. (Those records will be provided to this Court for consideration.)

10. Moreover, the defendant has access to cash, which demonstrates her ability to flee and the danger posed by the defendant to the community. Although the instant and prior indictments have dealt a significant blow, to be clear, this sex trafficking organization continues to operate in the United States. During and since the May 24, 2017 arrests, law enforcement seized significant amounts of cash, multiple weapons, and recovered several victims from active houses of prostitution. Law enforcement seized multiple digital devices from Wanless during a consent search in May 2017 along with all the files from her 2013 law enforcement contact. Warrants will be obtained on those items, and they will be subject to further review.

11. The government also notes that the defendant has extensive travel outside the United States including trips to Thailand every year, has a valid Thai passport (of which the U.S. government cannot control whether the Thai government issues another), and her father, siblings, and adult child live in Thailand. The defendant has no known non-criminal ties to the District of Minnesota and few ties overall in the United States. Under all of these circumstances, the defendant has every incentive—along with the means—to flee.

12. The defendant has not rebutted the presumption of detention, which is appropriate for her role as trafficker and house boss in the sex trafficking of others.

## **CONCLUSION**

For all of the above reasons, the government respectfully requests that the Court deny the defendant's motion for reconsideration and release.

Dated:  August 29, 2017                              Respectfully Submitted,

GREGORY G. BROOKER
Acting United States Attorney


*s/Laura M. Provinzino*
BY:  LAURA M. PROVINZINO
Assistant United States Attorney
Attorney ID No. 0329691

MELINDA A. WILLIAMS
Assistant United States Attorney
Attorney ID No. 491005DC