UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.: 17-cr-107(20) (DWF/TNL |
| vs. | ) | |
| | ) | |
| WARALEE WANLESS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The Defendant moves pursuant to Rule 7 (f) of the Federal Rule of Criminal Procedure as well as the Sixth and Fourteenth Amendments of the United States Constitution, and respectfully an order directing the government to file a Bill of Particulars.

Defendant says that said Indictment is vague, indefinite, uncertain and insufficient in general terms and conclusions; that Defendant is unable from a reading of said Indictment to reasonably know the nature and cause of the charge; Defendant is unable to prepare an intelligent defense thereto; and in order that this Defendant may be failry informed of what the government claims and with what crime, if any, Defendant is charged, and so that this Defendant's constitiutional rights will be protected, the United States Attorney should be required to particularize as follows:

1. The specific phrase or provision of each of the ordinances which the Government alleged were violated by the alleged conduct of the Defendant;

2. The exact dates, and times and specific place on which each specific offense alleged by the Government is alleged to have occurred;

3. The specific acts, conduct, methods or means by which the crime is alleged to have been committed;

4. The name and date of birth of the alleged victims(s);

The Defendant states that the Indictment is vague and indefinite. Further, the Indictment

does not reasonably inform the Defendant of the nature of the charge. The government is in or should be in possession of all of the information sought by the Defendant in regard to the nature of the charges against her. In addition, the information requested above is material to the Defendant's ability to present a defense at trial. Lastly, failure to order the government to furnish the Defendant with a Bill of Particulars containing such information would subject her to unfair surprise at trial, and would prevent the Defendant from pleading Double Jeopardy if she is later charged with the same offense as the Indictment is too vague. See generally, *United States v. Dulin,* 410 F.2d 363, 364 (4th Cir. 1969). The discretion to order a Bill of Particulars is soundly within the authority of this Honorable Court. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). *Roberts v. United States,* 137 F. 2.d 412, 415 (4th Cir. 1943).

Respectfully submitted,

RIVERS LAW FIRM, P.A..

Dated: 1/26/2018

By: _____
Bruce Rivers
Attorney I.D. No. 282698
Attorneys for Defendant
701 Fourth Avenue South, Suite 300
Minneapolis, Minnesota 55415
Telephone: (612) 339-3939