UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-107-20 (DWF/TNL)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WARALEE WANLESS,
a/k/a Wan,
a/k/a Waralee Duarte,
a/k/a Waralee Alcaraz,

      Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its attorneys Gregory G. Brooker, United States Attorney for the District of Minnesota, and Melinda A. Williams, Laura M. Provinzino, and Julie E. Allyn, Assistant United States Attorneys, hereby submits the government's omnibus response to defendant Wanless's various pretrial motions. Based upon any reply filed by the defendant and any oral argument before the Court, the United States requests the opportunity to file supplemental briefing if necessary.

**A. Document # 230 – Rule 16 Request for Pretrial Discovery**

The United States will comply with Fed. R. Crim. P. 16(a)(1)(A)-(F) and with Rules 702, 703, and 705 of the Federal Rules of Evidence. The government objects to the defendant's request to the extent it seeks information outside the scope of the above-mentioned rules. The government

has provided extensive discovery in the case to date and the government understands its continuing obligations with respect to discovery.

The defendant further moves the Court for a written summary of testimony of any expert witness the government intends to use at trial, the United States is aware of its obligations under Rule 16(a)(1)(G) and will comply fully with the requirements of that rule.[1] The only issue on this matter to be determined by the Court is the timing of such disclosures.

There is no specific timing requirement included in Rule 16(a)(1)(G). Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments. With respect to the issue of timing, the advisory committee's notes provide that "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." *Id.*

The United States respectfully requests that the Court order that all expert disclosures be made no later than two weeks before trial. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering government to make Rule 16(a)(1)(E) disclosures as opinions become available and no later than seven days before trial). Such a timing

---

[1] At this point, the United States has not yet determined which expert witnesses it will call at trial but anticipates experts in the forensic examination of computer and other digital media, the country conditions in Thailand, and international sex trafficking and the commercial sex industry in Thailand and the United States.

requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

### B. Document # 591 – Motion for Discovery of 404(b) Evidence

The defendant moves for the disclosure of any prior "bad act" or "similar course of conduct" evidence which the United States intends to offer at trial. The government is aware of its obligations under Rule 404(b) and intends to comply with those obligations. The government agrees with defendant's request in the motion and proposes to notify the defendant of Rule 404(b) evidence it intends to use and the witnesses through whom such evidence would be presented at least fourteen days before trial. The government requests, however, that any order be strictly drawn to require no more than what is encompassed by Rule 404(b). *See, e.g.*, *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

### C. Document # 592 – Motion for Disclosure of Jencks Act Material

The United States objects to the defendant's motion for early disclosure of Jencks evidence in advance of trial. While the government has already disclosed numerous Jencks statements and will likely choose to continue to

3

disclose Jencks materials well in advance of trial, the government objects to any Court-ordered disclosure of "early" Jencks evidence. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. *Finn v. United States*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984). Accordingly, the government objects to any Court-ordered disclosure of such statements prior to the witnesses' testimony.

As this Court knows, in this District, the U.S. Attorney's Office, including the undersigned attorneys, have long had a policy of voluntarily disclosing Jencks Act material at least three calendar days before trial—often much earlier. The government also typically discloses interview memorandum and other agent reports as part of its Jencks Act disclosures, even though Eighth Circuit law makes clear that such materials are generally not considered Jencks Act material. It is in the government's interest to provide such early and broad disclosures. In fact, in this case, which has been designated complex, the government has already disclosed substantial Jencks Act materials and intends to disclose the remaining Jencks materials at least two weeks before trial, pending a reciprocal

agreement to do so by the defendants. But the government objects to any such Court-ordered disclosures and defendant's motion should be denied insofar as it go beyond what the law requires.

### D. Document # 593 – Motion for Participation in Voir Dire

The government intends to submit questions for voir dire related to the sex trafficking conspiracy, money laundering conspiracy, and other counts charged in the second Superseding Indictment, including questions relating to the prospective jurors' knowledge of the case and their ability to be impartial. Recognizing that the voir dire process is almost, if not, exclusively judge-led in this District, the government will defer to the preference of the presiding judge as to how voir dire is conducted. Should any attorney-led voir dire be granted, and the government does not believe it is necessary, the government would request that it be the same for both sides.

### E. Document # 594 – Motion for Disclosure of the Identity of All Participant-Witnesses

The defendant moves the Court for disclosure of the witnesses the United States intends to call at trial. The United States objects to the motion on the grounds that such discovery is beyond the scope of its obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

Decades ago, "Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial." *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) (noting that "government properly objected" to pretrial motion for witness list and upholding district court's order for government to instead provide witness discovery "prior to cross-examination" of witness at trial). The defendant's motion has no legal basis and seeks to impose a burden Congress specifically rejected.

### F. Document # 596 – Motion to Compel Government to Provide Defendant with Exhibit and Witness List Prior to Trial

The defendant summarily asserts that the Court should order the government to produce its witness and exhibits list at least thirty days prior to trial. As set forth above, the defendant's motion has no legal basis and seeks to impose a burden Congress specifically rejected. While the government is in continuing talks with all defense counsel about producing materials in advance of its obligations, the government would object to any Court order to do so.

### G. Document # 597 – Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment

The government understands its discovery obligations, including those under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government has complied with, and

will continue to comply with, those obligations, including the production of materials pursuant to a protective order on separate hard drives in August 2017 and December 2017. The government is preparing another round of disclosures and has accommodated defense counsel with an early review of proffer reports and other Jencks materials in its office. Closer to trial, the government intends to disclose all proffer and Jencks materials, including reports and recorded testimony, along with any cooperation agreements and other benefits consistent with its obligations under *Brady*, *Giglio*, and their progeny, to include the existence and substance of promises of immunity, leniency, and/or preferred treatment. The government objects to defendant's motion to the extent that it goes beyond the requirements of *Brady*, *Giglio*, and their progeny and the Federal Rules of Criminal Procedure.

### H. Document # 598 – Defendant's Motion for Bill of Particulars

An indictment is "legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Wessels*, 12 F. 3d 746, 750 (8th Cir. 1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980)). An indictment is sufficient "unless it is so defective that it cannot be said, by any

7

reasonable construction, to charge the offense" with which the defendant is charged. *United States v. Sewell*, 513 F.3d 820. 821 (8th Cir. 2008). As a general matter, an indictment will be held sufficient if it tracks the language of the charging statute. *Id.*

The district court has discretion to grant or deny a motion for a bill of particulars. *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010). Courts will only order the government to produce a bill of particulars when the indictment is so vague that the defendant cannot tell what he is charged with. On the other hand, a bill of particulars is "not to be used to provide detailed disclosure of the government's evidence at trial." *Wessels*, 12 F.3d at 750. Moreover, "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir 2009)).

The superseding indictment in this case is more than sufficiently detailed to allow the defendant to prepare her defense, and it has been supplemented by voluminous disclosures that have gone well beyond what the government is legally obligated to provide. The superseding indictment not only contains language that tracks the statutory elements of the offenses

8

charged, but also provides extensive details regarding the criminal conduct alleged to form the basis of those charges. The language in the superseding indictment has been supplemented with extensive discovery, which has itself been supplemented with discussions between defense counsel and the government, where the government has voluntarily gone through the substantial amounts of specific proof it has against the defendant with her counsel. (This includes a draft plea agreement, which itself outlines much of the proof and evidence against the defendant.) What the defense now seeks is essentially a summary of the government's evidence at trial (1) which has largely already been voluntarily provided by the government, and (2) to which she is not legally entitled. Accordingly, the defendant's motion for a bill of particulars should be denied.

## I. Document # 595 – Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence

Similarly, in her motion requesting pretrial notice of the government's intent to use evidence, the defendant makes a nearly-identical request; without citation to case law, she asserts that she is entitled to written notice of "any and all evidence" that the government contemplates using at trial. The defendant has been charged by speaking indictment, has been given substantial discovery, and the government has voluntarily gone through much of the evidence against the defendant with her counsel. The

defendant's motion for pretrial notice to use evidence is baseless, without authority, and for all of the same reasons set forth above should be denied.

Dated: March 5, 2018                    Respectfully Submitted,

                                        GREGORY G. BROOKER
                                        United States Attorney

                                        *s/ Melinda A. Williams*

                                        BY: MELINDA A. WILLIAMS
                                        LAURA M. PROVINZINO
                                        JULIE E. ALLYN
                                        Assistant U.S. Attorney
                                        Attorney ID No. 491005DC