**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,    Criminal No. 17-107(20) (DWF/TNL)

    Plaintiff,

v.    **MEMORANDUM OPINION AND ORDER**

Waralee Wanless,

    Defendant.

---

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Lauren Campoli, Esq., counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Defendant Waralee Wanless's ("Wanless") Motion for Release from Custody pending sentencing. (Doc. No. 1788 ("Motion").) The United States of America (the "Government") opposes the Motion.[1] (Doc. No. 1792 ("Govt. Opp.").) For the reasons set forth below, the Court respectfully denies Wanless's Motion.

## BACKGROUND

The Third Superseding Indictment in the above entitled matter charged Wanless with Conspiracy to Commit Sex Trafficking (Count 1), Conspiracy to Commit

Transportation to Engage in Prostitution (Count 3), Conspiracy to Engage in Money Laundering (Count 4), and Conspiracy to Use a Communication Facility to Promote Prostitution (Count 5). (*See* Doc. No. 830.)

Wanless was arrested in Texas and has been in custody since May 24, 2017. An initial detention hearing was held in Texas on May 31, 2017. (Doc. No. 77 at 8.) The Texas court found that Wanless failed to rebut the presumption that she is a danger to the community and "[d]ue to the nature and extent of [the] criminal activity" concluded that "there [was] no condition or combination of conditions of release which could be set which would reasonably assure Ms. Wanless's appearance at future court hearings and protect the safety of the community." (*Id.*)

Soon after Wanless's initial appearance in Minnesota, she moved this Court to reconsider her detention. (Doc. No. 326.) The Court held a second detention hearing on September 28, 2017. (Doc. No. 391.) After conducting a de novo review of the evidence, the Court denied Wanless's motion for reconsideration. (Doc. No. 394.) The Court stated that "given the seriousness of the allegations, the ongoing nature of the organization, [Wanless's] purported access to illicit funds, and [Wanless's] lack of ties to the United States and many ties to Thailand, the Court concludes that [Wanless] has not overcome the presumption that no condition or combination of conditions will reasonably assure her appearance." (*Id.* at 6.)

---

1      The Court also received and considered Wanless's reply to the Government's opposition and the Government's sur-reply. (Docs. No. 1797 ("Reply"); 1804 ("Sur-reply").)

Wanless was one of five defendants who proceeded to trial. On December 12, 2018, the jury returned its verdict, finding Wanless guilty of all counts. (Doc. No. 1001.) Wanless is currently awaiting sentencing. A Presentence Report ("PSR") was filed on June 17, 2019. (Doc. No. 1182.) Wanless faces a guideline sentence range of 324-405 months. (*Id.* ¶ 172.) Sentencing was scheduled to occur on December 18, 2019; however, Wanless retained new counsel on November 22, 2019, and filed a motion to continue sentencing three days later.[2] (Doc. Nos. 1490, 1520, 1527.) Sentencing was rescheduled for January 16, 2020; however, Wanless filed a second motion to continue sentencing on January 8, 2020. (Doc. Nos. 1606, 1659.) On February 5, 2020, Wanless filed a motion to vacate her conviction and for a new trial.[3] (Doc. No. 1723 ("Motion to Vacate").) Wanless now moves for release pending sentencing. (Motion at 1.)

## DISCUSSION

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Pursuant to 18 U.S.C. § 3143(2), where a defendant has been found guilty of an offense described in § 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" that person detained, unless the judicial officer finds: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has

---

[2]  Sentencing was postponed to a date to be determined. (Doc. No. 1661.)

[3]  Because Wanless filed her Motion to Vacate more than a year past the deadline, she also filed a motion for leave to file late. (Doc. No. 1722 ("Late File").) The Government requested to respond first to the Late File and only to the Motion to Vacate if a substantive opposition was necessary. (Doc. No. 1746.) The Court granted the Government's request. (Doc. No. 1748.) The Government filed its response to the Late

3

recommended that no sentence of imprisonment may be imposed on the person; and (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community. 18 U.S.C. § 3143(2)(A)(B).

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, the court may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c). "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." U.S.C. § 3145(c). In such a circumstance, "[t]he defendant must show by clear and convincing evidence he is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate." *United States v. Tobacco*, 150 F. Supp. 3d 1051, 1053 (D.S.D. 2015).

Under this standard, courts typically deny such claims unless they are "clearly out of the ordinary, uncommon, or rare." *See United States v. Schmitt*, 515 F. App'x 646, 647 (8th Cir. 2013) (citations omitted); *see also United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (finding that defendant's treatment for depression and risk of suffering violence were not exceptional reasons to permit defendant to self-surrender after sentencing); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1201–02 (D. Colo.

---

File on March 19, 2020. (Doc. No. 1788 ("Response").) Wanless's reply was due April 2.

4

2010) (exceptional reasons did not exist to warrant release of a defendant with severe medical disabilities who needed a kidney transplant).

Wanless has been convicted of an offense described in § 3142(f)(A), (B), or (C) and is therefore subject to the provisions set forth in 18 U.S.C. § 3143(2)(A)(B).[4] The Government has not recommended that no sentence of imprisonment may be imposed. Accordingly, in order to be released, Wanless must show that: (1) there is a substantial likelihood that her motion for acquittal or new trial will be granted; and (2) by clear and convincing evidence, she is not likely to flee or pose a danger to any other person in the community. 18 U.S.C. § 3143(2)(A)(B).

Wanless reasserts the arguments in her Motion to Vacate and supporting memorandum to argue that she is factually innocent and there is a substantial likelihood that her Motion to Vacate will be granted. (Motion at 2-5; Reply at 1-4; *see also* Motion to Vacate; Doc. No. 1724.) In short, Wanless argues that "given the significant and systematic trial errors, first by [Wanless's] trial counsel and then by prosecutors, provides extensive and legitimate grounds to grant a new trial, or at a minimum, find that there is a substantial likelihood that one will be granted in the future."[5] (*Id.* at 4.) Wanless contends that the Government "concedes that there is a likely possibility that this case will be overturned by discussing their concerns about retrying the case" in its Response.

---

[4] Count 1 (Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a), 1591(b)(1), and 1594(c)) is a qualifying conviction.

[5] Wanless also hurls a variety of personal insults and allegations against the Government. The Court declines to entertain these arguments at this time. (*See, e.g.*, Motion at 5 ("But here there is an overly zealous prosecutor….").)

(*Id.* at 5 (citing Response at 11).) She argues further that the "Government's fear" is indicative of Wanless's likelihood of success. (*Id.* at 5.) In short, Wanless argues that the "gravamen of [her] case is that she is presently incarcerated during a worldwide pandemic in a case where a manifest injustice occurred at trial." (Reply at 1.)

Wanless also contends that she is not a flight risk or a danger to the community. (*Id.* 6-7; Reply at 4-8.) Wanless argues that information unavailable at the time of her bail hearing now shows that she should not be detained. (*Id.* at 6; Reply at 4.) Specifically, she argues that release is appropriate because: (1) she was a victim of the same organization she was convicted of conspiring with; (2) she has no other involvement with the criminal justice system; and (3) and her role in the case is a mitigated one. (*Id* at 6-7; Reply at 5-8.) Wanless contends that she is a "non-violent person who was not a 'heavy' in this case or ever," and no evidence at trial or before shows otherwise.[6] (Reply at 8.) Therefore, Wanless argues that "there are conditions or a set of conditions that can assure [her] future appearances in this matter." (*Id.*)

In light of the COVID-19 pandemic and citing increased risk of infection in a prison setting, Wanless asks the Court to reconsider her continued detention. (*Id.* at 7-9.) Wanless asserts that "the issue with the jail is that social distancing is impossible," and that "Wanless, and any inmate, is at a greater risk for contracting the disease due to the common quarters shared by all inmates and is vulnerable to an outbreak." (*Id.* at 8.)

---

[6]  Wanless further maintains that because she appeared for court when released on bail for a separate crime she was charged with, she is likely to show up for appearances in this matter as well. (Reply at 8.)

6

Wanless argues that "it is truly not a question of 'if' COVID-19 will come to Sherburne Jail, but 'when'." (Reply at 12.)

The Government argues that Wanless's motion fails under § 3143 because she cannot show a substantial likelihood that her Motion to Vacate will be granted when she admitted her involvement in the criminal organization during her PSR interview. (Govt. Opp. at 14-15, 22; Sur-reply at 2,5.) Specifically, the Government contends that Wanless admitted she was a house boss from 2012 to February 2013, that she held bondage debt, and that most but not all of the victims knew what their house fees would be.[7] (*Id.* at 14-15 (citing PSR ¶¶ 79-82.) Moreover, the Government contends that both Wanless' Motion and Motion to Vacate are silent with respect to her conspiracy to commit transportation to engage in prostitution and conspiracy to commit money laundering convictions, and that the guilt on these convictions was overwhelming. (*Id.* at 24.) In short, the Government argues that Wanless's Motion to Vacate is unlikely to be granted because the evidence was overwhelming at trial, she admitted her guilt, and the Court is unlikely to even consider her Motion to Vacate because it was so untimely. (*Id.* at 25.)

The Government argues further that even if Wanless was able to show that there was a substantial likelihood that her Motion to Vacate will be granted, Wanless's Motion fails because she cannot demonstrate by clear and convincing evidence that she is neither a risk of flight nor a danger to the community. (*Id.* at 25-27; Sur-reply at 1.) The

---

[7] While the Government also sites a proffer Wanless made with the Government, the proffer has no impact on the Court's analysis. Specifically, the Court finds that Wanless's motion fails with or without evidence of the proffer.

Government asserts that two different courts found that no condition or combination of conditions could reasonably assure Wanless's appearance at future court hearings and contends that there is even a greater risk of nonappearance now because Wanless has been convicted and faces a lengthy sentence. (*Id.* at 25-26.) The Government argues further that Wanless maintains strong ties to Thailand, has possessed a Thai passport, and that she has access to substantial financial resources.[8] (*Id.* at 26-27 (citing Doc. No. 1791).)

The Government also argues that Wanless's Motion fails under § 3145(c) because she cannot show that the COVID-19 pandemic constitutes an exceptional reason justifying her release and because, for the reasons stated above, she remains a risk of flight and danger to the community. (*Id.* at 27-30; Sur-reply at 1-2.)

The Government argues that while Wanless speaks in generalities about the risk of infection in a prison setting, she cannot point to a single case of COVID-19 in the Sherburne County Jail or identify any health condition that makes her uniquely vulnerable to the virus. (*Id.* at 27.) Moreover, the Government contends that the extensive measures the Sherburn County Jail has taken to prevent an outbreak mitigate the risks. (*Id.* at 29-30 (citing Doc. No. 1792-1 ("Frank Decl." ¶ 3)).) The Government argues further that "while the coronavirus outbreak is new, health claims by detainees are not" and "Wanless has failed to show that her needs will not be met during her

---

[8] The Court does not speculate as to Wanless's citizenship status or whether she is subject to deportation, and neither played a role in the Court's decision.

detention." (*Id.* at 30 (citing *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2000) ("[I]t is a rare case in which health conditions present an 'exceptional reason'" requiring release where detention is otherwise warranted.); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (recognizing that reasonably necessary treatments are available in prison, and that oftentimes a prison setting will provide superior care than a defendant can obtain on the outside).) Finally, the Government contends that Wanless has failed to show that her case is exceptional; that if it were, everyone in the Sherburne County Jail would be filing the same motion and seeking the same relief. (*Id.* at 29.)

The Court understands the gravity of the COVID-19 pandemic and is mindful of the unprecedented circumstances it presents both for society at large and for the prison system. The Court fully understands, appreciates, and has considered Wanless's concerns, particularly in light of her Motion to Vacate. Notwithstanding, the Court does not find that the circumstances warrant a release from custody under either § 1343 or § 3145(c).

Specifically, the Court finds that Wanless's Motion fails both prongs under § 1343. Despite Wanless's re-allegations and assurances, the Court cannot conclude at this time that there is a substantial likelihood that Wanless's Motion to Vacate will be granted. Moreover, the Government has not recommended that no sentence of imprisonment be imposed. Notwithstanding, even if Wanless met one of those requirements, the Court finds that Wanless's Motion still fails under § 1343 because she cannot show by clear and convincing evidence that she lacks the means or motive to flee.

9

The Court understands that Wanless was victimized and appreciates her kindness towards her fellow inmates. Notwithstanding, Wanless was convicted of multiple serious crimes and faces a lengthy sentence; further, Wanless has possessed a Thai passport, and there is no evidence she lacks the means to flee.

Moreover, the Court finds that Wanless's Motion fails under § 3145(c) because the circumstances presented do not present an exceptional reason to permit release. 18 U.S.C. § 3145(c). Again, the Court recognizes Wanless's concerns; however, the Court cannot conclude that release is appropriate when Sherburne County Jail has taken appropriate measures to prevent an outbreak.[9] (*See generally* Frank Decl.) Currently, there are zero reported cases of COVID-19 in the jail.[10] Furthermore, as stated above, the Court finds that Wanless cannot show by clear and convincing evidence that she is unlikely to flee. Therefore, the Court must deny her Motion.

---

[9] In his Declaration, Brian Frank, the administrator of the Sherburne County Jail ("Jail"), addressed the safety measures being taken at the Sherburne County Jail including placing any new inmate into a 14-day quarantine that is isolated from the general population and is monitored by licensed medical professionals. (Frank Decl. ¶¶ 3, 7.) He also explained that the Jail is designed to isolate and contain airborne threats such as COVID-19, and that in the event of an active outbreak, it has negative pressure units to isolate and treat symptomatic inmates. (*Id.* ¶¶ 6, 8-9.) Further, only essential employees are permitted to come and go from the Jail, and each must complete a "Coronavirus Screening Checklist" and body temperature check. (*Id.* ¶¶ 3, 16.) Finally, he asserted that the Jail is being cleaned four times daily with a formula specifically designed to kill viruses. (*Id.* ¶ 11.)

[10] The Court confirmed that as of March 30, 2020, there remain zero reported cases of COVID-19 in the Sherburne County Jail.

## CONCLUSION

While the Court recognizes the gravity of COVID-19 pandemic and the special threat it poses to those in communal settings, the Court finds that the circumstances presented here do not warrant release.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Waralee Wanless's Motion for Release from Custody pending sentencing (Doc. No. [1788]) is respectfully **DENIED**.

Dated: April 3, 2020                     s/Donovan W. Frank
                                                                     DONOVAN W. FRANK
                                                                     United States District Judge