# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(20) (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Waralee Wanless, | |
| Defendant. | |

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Lauren Campoli, Esq., counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Waralee Wanless's ("Wanless") Motion for Leave to File Late Motion for New Trial Pursuant to Rule 33. (Doc. No. 1722 ("Late File Motion").) The United States of America (the "Government") opposes the Late File Motion.[1] (Doc. No. 1779 ("Govt. Opp.").) For the reasons set forth below, the Court grants Wanless's Motion for Leave to File Late Motion for New Trial.

## BACKGROUND

The Third Superseding Indictment in the above entitled matter charged Wanless with Conspiracy to Commit Sex Trafficking (Count 1), Conspiracy to Commit

---

[1] The Court also received and considered Wanless's reply to the Government's opposition. (Doc. No. 1803 ("Reply").)

Transportation to Engage in Prostitution (Count 3), Conspiracy to Engage in Money Laundering (Count 4), and Conspiracy to Use a Communication Facility to Promote Prostitution (Count 5). (*See* Doc. No. 830.)

Wanless was one of five defendants who proceeded to trial. On December 12, 2018, the jury returned its verdict, finding Wanless guilty of all counts. (Doc. No. 1001.) Wanless is currently awaiting sentencing and faces a Guidelines range of 324-405 months. (Doc. No. 1182 ("PSR") ¶ 172.) Sentencing was scheduled to occur on December 18, 2019; however, Wanless retained new counsel on November 22, 2019, and filed a motion to continue sentencing three days later.[2] (Doc. Nos. 1490, 1520, 1527.) Sentencing was rescheduled for January 16, 2020; however, Wanless filed a second motion to continue sentencing on January 8, 2020. (Doc. Nos. 1606, 1659.)

On February 5, 2020, Wanless filed a motion to vacate her conviction and for a new trial.[3] (Doc. No. 1723 ("Motion to Vacate").) Because Wanless filed her Motion to Vacate more than a year past the deadline, she also filed the motion currently before the Court. (Late File Motion.) The Government requested to respond first to the Late File Motion and only to the Motion to Vacate if a substantive opposition was necessary.

---

[2]   Sentencing was postponed to a date to be determined. (Doc. No. 1661.)

[3]   Wanless contends that a new trial should be granted because: (1) her first trial was marred by ineffective assistance of counsel; (2) there is newly discovered evidence; and (3) a prosecutor's comment about Wanless's right to remain silent and affirmative misrepresentation about material evidence was improper and violated Due Process. (Late File Motion at 3.)

(Doc. No. 1746.)  The Court granted the Government's request.  (Doc. No. 1748 ("Scheduling Order").)

## DISCUSSION

Federal Rule of Criminal Procedure 33 governs a defendant's motion for a new trial.  Rule 33(a) provides:  "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  Fed. R. Crim. P. 33(b)(1).  A motion for a new trial grounded on any other reason must be filed within 14 days after the verdict or finding of guilty.  Fed. R. Crim. P. 33(b)(2).  Notwithstanding, a court may extend the deadline "if the movant failed to act because of excusable neglect."  *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010) (citing Fed. R.8 Crim. P. 45(b)(1)(B)).

The Supreme Court set out four factors ("*Pioneer* Factors") to be considered when determining whether a late filing is due to excusable neglect:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Stutson v. United States*, 516 U.S. 193, 196-98 (1996) (applying *Pioneer* to criminal cases).

Typically, post-conviction ineffective assistance of counsel claims should be brought pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") where the record can be developed to examine counsel's performance.  *United States v. Stevens*, 149 F.3d 747,

748 (8th Cir. 1998). However, where an adequate record already exists, a district court may consider an ineffective assistance of counsel claim on a motion for a new trial. (*Id.*)

Wanless first argues that her Late File Motion is properly before the Court because it is partially based on newly discovered evidence and therefore subject to a 3-year deadline pursuant to Fed. R. Crim. P. 33(b)(1). (Late File Motion at 3-4; Reply at 1, 11-12.) With respect to her ineffective assistance claim, Wanless contends that § 2255 Motion is not necessary because the record on the issues supporting her ineffective assistance claim are complete. (Late File Motion at 4; Reply at 6.) She contends that "the Court, who presided over the trial, and witnessed the conduct, is now in the best position to rule on the accompanying motion for new trial in this case." (Late File Motion at 4.)

Wanless argues further that her Late File Motion is subject to excusable neglect at least until November 22, 2019 when new counsel was retained because "it is highly unlikely, and maybe unreasonable to expect that an attorney who lost the case after committing numerous errors at trial would file a [m]otion for a new trial asserting his inadequacies at trial." (*Id.* at 5.) Moreover, she contends that additional excusable neglect exists until January 15, 2020 due to "prior counsel's purposeful withholding of [her file] and failure to comply with the MN Rules Professional Conduct." (*Id.* at 5-6.) Wanless asserts that her "current claim regarding ineffective assistance should not be sacrificed or delayed due to her former attorney's actions." (*Id.* at 6.)

Wanless also contends that the *Pioneer* Factors weigh in favor extending the filing deadline due to excusable neglect because: (1) there is limited prejudice to the

4

Government when the complex nature of the case and the fact that there are co-defendants in different stages of it would be true even if the motion was timely filed; (2) the length of delay was not significant because she filed her motions as soon as possible given the review of the voluminous record; (3) the delay was valid and outside of her control because it was unreasonable to expect that her previous attorney would raise an ineffective counsel claim against himself, and because her personal background prevented her from challenging her attorney or the justice system; and (4) there is nothing to suggest bad faith or meritless claims in this matter.  (Reply at 8-11.)

The Government argues that Wanless's Motion to Vacate is procedurally barred because it is "untimely, in the extreme," most of her allegations involve ineffective assistance of counsel that should be addressed in a § 2255 Motion, she offers no compelling reason for the delay, and "her actions reveal that she is not acting in good faith."[4]  (Govt. Opp. at 2.)  Accordingly, the Government argues that the Court should not grant Wanless's Late File Motion.

Specifically, the Government contends that Wanless's Late File Motion and Motion to Vacate are untimely because the filings are more than thirteen months after the jury verdict, and over two months after Wanless retained new counsel.  (*Id.* at 9.)  The

---

[4]   The Government also asserts that if the Court considers Wanless's ineffective assistance of counsel allegations, it would result in "substantial prejudice to the government, would necessitate complex and substantial evidentiary hearings, as the record has not been fully developed by the trial court, and would further and needlessly delay the judicial proceedings."  (Govt. Opp. at 2.)

5

Government asserts that Wanless establishes no basis for an extension of time, and that she cannot satisfy the *Pioneer* Factors to demonstrate excusable neglect.  (*Id.* at 9-13.)

The Government first argues that Wanless cannot satisfy the first *Pioneer* Factor because the Government will suffer substantial prejudice if the Court grants Wanless's Motion to Vacate.  (*Id.* at 12)  To this end, the Government emphasizes the complex nature of the case, the fact intensive and lengthy nature of any potential evidentiary hearing, the potential unavailability or faded memory of witnesses, the "huge expenditure of time and resources," and potential privilege implications.  (*Id.*)  The Government argues further that Wanless will not suffer prejudice if the Court denies her Late File Motion because she has "other, more appropriate procedural options available once she and her co-defendants are sentenced and have exhausted their direct appeals."  (*Id.*)

The Government asserts that it is "for good reason" that ineffective assistance claims are typically deferred to § 2255 proceedings because such claims cannot be properly heard under a Rule 33 motion when the factual record in undeveloped.  (*Id.* at 12-3.)  Here, the Government argues that Wanless's ineffective assistance claims are not properly developed and will necessitate review of allegations and facts outside of the record.[5]  (*Id.* at 13.)

The Government also contends that Wanless fails to satisfy the second *Pioneer* Factor because the length of the delay was substantial.  (*Id.* at 13-15.)  The Government asserts that it was Wanless's choice not to retain new counsel until nearly a year after the

---

[5]   The Government cites Wanless's allegations related to an alleged joint defense agreement.  (Govt. Opp. at 13.

jury verdict and that "if she believed she had meritorious claims she could have immediately raised them with the Court or immediately retained new counsel and instructed that counsel to raise them with the Court." (*Id.* at 13.)  The Government argues further that while "Wanless's allegations concern conduct that was known to her before and during trial," she chose to wait "until the eve of her sentencing" before raising her concerns.[6]  (*Id.* at 13.)  The Government also implies that Wanless waited to raise her concerns because she made them up.  (*Id.* at 15.)

The Government argues further that Wanless cannot satisfy the third or fourth *Pioneer* Factors because she presents no valid reason for a delay which was entirely within her control, and because she was acting in bad faith.  (*Id.* at 15-17.)  The Government reiterates that "all of the information underlying her allegations was known to her prior or during trial proceedings" and that Wanless failed to raise the concerns herself or hire new counsel to do it for her.  (*Id.* at 15.)  Moreover, the Government contends that Wanless's "newly discovered evidence" was available to her at the time of trial, and thus has no impact on timeliness.[7]  (*Id.* at 16.)  The Government argues further that the "offered materials are not exculpatory, but rather corroborate Wanless's long-

---

[6] The Government cites Wanless's allegations related to her dissatisfaction with counsel, an alleged joint defense agreement, and ineffective assistance. (Govt. Opp. at 14-15.)

[7] The Government cites evidence including Wanless's personal calendars, emails between her and her customers, and hotel receipts. (*Id.* at 16.)  The Government contends that because these are items provided by Wanless herself, they could have been obtained or provided "in the run-up to trial and offered as evidence during the trial itself." (*Id.*)

7

standing involvement in the commercial sex acts and financial transactions that constitute the sex-trafficking, interstate transportation, and money laundering charges," she was convicted of. (*Id.* at 16-17.)

The Government contends that Wanless's actions, including her failure to allege substantial claims meriting the upheaval of her judicial process and the judicial processes of her co-defendants, her request for an "impractical" evidentiary hearing, her untimely filings with no valid excuse for her untimeliness, and her request to offer "new" evidence that was readily available at trial "consistently demonstrate that she is not acting in good faith but rather to continue to manipulate and delay the system and avoid being accountable for her actions." (*Id.* at 17.) Accordingly, the Government argues that "Wanless cannot show excusable neglect for her untimely motion" and "has not come close to carrying her burden to do so." (*Id.*)

Having fully considered the parties' submissions, and over the Government's strong objections, the Court declines to bar Wanless's Motion to Vacate on procedural grounds. While the Government argues that the "newly discovered" evidence was available to Wanless prior to and during trial, the Court declines to deny Wanless an opportunity to present it in light of the circumstances she alleges in her Motion to Vacate. Moreover, the Court finds that a substantive opposition is necessary to properly determine whether a new trial is warranted based on Wanless's allegations of prosecutorial misconduct and ineffective assistance. While Wanless filed her Motion to Vacate significantly past the deadline, the Court will consider it because the *Pioneer* Factors weigh in favor of excusable neglect. *United States v. Boesen*, 599 F.3d at 879.

Although the Court understands the Government's concerns with respect to prejudice, the Court agrees with Wanless that the timeliness of her Motion to Vacate has little impact on the complex nature of the case; many of the same issues would exist whether or not Wanless filed her Motion to Vacate within 14 days of the jury verdict. Moreover, the Court is unpersuaded that Wanless possessed the sophistication or language skills to fully understand the justice system such that it was solely within her control to refute the effectiveness of her counsel's assistance or to immediately self-advocate for a different attorney to raise concerns on her behalf. The Court also finds that the two months it took Wanless's new counsel to file the Motion to Vacate was reasonable in light of the considerable record. Accordingly, the Court finds no reason to conclude that Wanless acted in bad faith or that her late filing was due to fabricated allegations. Finally, having presided over the trial and witnessed all attorney conduct, the Court finds that the record is sufficiently developed such that it may properly consider Wanless's ineffective assistance allegations.

Accordingly, the Court grants Wanless's Late File Motion, and directs the Government to file a substantive response to Wanless's Motion to Vacate in accordance with its Scheduling Order.

## CONCLUSION

For the reasons set forth above, the Court declines to bar Wanless's Motion to Vacate on procedural grounds. Despite its late filing, the Court finds that excusable neglect and a sufficiently developed record of ineffective assistance of counsel enable the Court to consider Wanless's allegations on the merits.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Waralee Wanless's Motion for Leave to File Late Motion for New Trial Pursuant to Rule 33. (Doc. No. [1722]) is **GRANTED**.

2. The Government shall file a substantive opposition to Wanless's Motion to Vacate (Doc. No. [1723]) within 14 days of this Order. Any reply shall be submitted within 14 days of the Government's submission.

Dated: April 27, 2020               s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge