UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,             Criminal No. 17-107(20) (DWF/TNL)

       Plaintiff,

v.                      **ORDER**

Waralee Wanless,

       Defendant.

This matter is before the Court on Defendant Waralee Wanless's ("Wanless") Motion to Disqualify Counsel. (Doc. No. 1934 ("Motion to Disqualify").) The United States of America (the "Government") opposes the Motion. (Doc. No. 1950.) For the reasons set forth below, the Court denies Wanless's Motion to Disqualify.

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's July 1, 2020 Order and is incorporated by reference herein. (*See* Doc. No. 1905 ("July 2020 Order").) In short, Wanless was charged with Conspiracy to Commit Sex Trafficking (Count 1), Conspiracy to Commit Transportation to Engage in Prostitution (Count 3), Conspiracy to Engage in Money Laundering (Count 4), and Conspiracy to Use a Communication Facility to Promote Prostitution (Count 5). (*See* Doc. No. 830.) Wanless was one of five defendants who proceeded to trial. On December 12, 2018, a jury returned its verdict, finding Wanless guilty of all counts.

(Doc. No. 1001.)  Wanless's sentencing is currently scheduled for September 16, 2020.[1] (Doc. No. 1910.)

On February 5, 2020, Wanless filed a Motion to Vacate Conviction and for a New Trial.  (Doc. No. 1723 ("Motion to Vacate") and a motion to accept her late filing (Doc. No 1722).[2]  Wanless's Motion to Vacate was premised on multiple allegations including: (1) ineffective assistance of counsel; (2) newly discovered evidence; and (3) prosecutorial misconduct, including *Brady* violations.  (*See* Motion to Vacate; *see also* Doc. Nos. 1724, 1850, 1883, 1899.)  After multiple rounds of briefing, and careful consideration of all submissions, the Court denied Wanless's Motion to Vacate.  (*See generally* July 2020 Order.)  The Court stated:

> Having fully considered the parties' multiple submissions, and over Wanless's strong objections, the Court finds no basis to vacate her conviction.  The evidence Wanless presents simply fails to weigh so heavily against the verdict that a miscarriage of justice may have occurred.  While Wanless may disagree with or dislikes the verdict, the Court finds that she received effective counsel and a fair trial.

(*Id.* at 21 (internal citation omitted).)  Specifically, with respect to the alleged *Brady* violations, the Court stated:

---

[1] Sentencing was initially scheduled for December 5, 2019 but was moved to December 18, 2019.  (Doc. Nos. 1482, 1490.)  The Government filed its sentencing position on October 1, 2019.  (Doc. No. 1384 ("Govt. Sentc'g Pos.").)  On November 22, 2019, Wanless retained new counsel and filed a motion to continue sentencing three days later.  (Doc. Nos. 1490, 1520, 1527.)  Sentencing was rescheduled for January 16, 2020; however, Wanless filed a second motion to continue sentencing on January 8, 2020.  (Doc. Nos. 1606, 1659.)  Sentencing was continued to a date and time to be determined.  (Doc. No. 1661.)

[2] Wanless's sentencing was further postponed pending resolution of her February filings.

> [T]he Court finds no merit in Wanless's allegation that the Government violated its *Brady* obligations. Specifically, the Court finds that the Government properly disclosed its evidence with sufficient time for trial counsel to prepare its defense, and that it properly disclosed the facts and details of the Addison Case. Moreover, the Court declines to discredit evidence because it is currently stored in two boxes instead of one and finds insufficient support to validate any other argument Wanless makes to discredit the evidence. Moreover, the Court finds insufficient support to the allegations that the Government manipulated witnesses or abused the judicial process in any other way.

(July 2020 Order at 3 n.2.)

After the Court issued its July 2020 Order, the parties were unable to jointly establish a briefing schedule with respect to their positions on sentencing.[3] (*See* Doc. Nos. 1950-1 ("Govt. to Wanless Email"), 1950-2 ("Wanless to Court Email") (collectively, "Scheduling Emails").) Therefore, the Court issued the following text-only Order:

> Because the parties cannot agree, the Court has established the following briefing schedule for position papers regarding sentencing: (1) each party shall file its position on or before August 10, 2020; (2) any response shall be due on or before August 24, 2022. Moreover, any objection Defendant has to the Presentence Investigation Report must also be filed on or before August 10, 2020.

(Doc. No. 1907 ("Scheduling Order").) Wanless timely filed her position on August 10, 2020. (Doc. No. 1924.) The Government did not file a new position. Wanless

---

[3] The email exchange clearly indicated that the Government's position on sentencing had not changed since its initial filing in October 2019 and that Wanless understood this. (*See* Govt. to Wanless Email at 1 ("Our view on sentencing has not changed since our sentencing position was filed last year. The government may supplement with an additional sentencing position and/or response to Wanless's sentencing position."); *see also* Wanless to Court Email at 1 (" The Government . . . advises me that their view on sentencing has not changed from their previous submission but they may want to supplement.").)

3

subsequently filed the instant motion on the grounds that the Government "strategically and purposefully violat[ed] the Court's [Scheduling] Order" and in doing so "negated the Court's remedy of new memorandums filed contemporaneously and allowing each party to respond in kind." (Doc. No. 1935 at 2 ("Def. Memo.").)

Wanless contends that "[t]he prosecutors['] reliance on their previously filed memorandum, containing factual inaccuracies and reliance on their own false narrative, was not an option here based on the unambiguous language of the Court's [Scheduling] Order." (*Id.* (emphasizing the Scheduling Order's use of the words "each party shall file").) Wanless now moves to: (1) "disqualify [the Government's counsel] and their office as counsel for the United States due to an irreconcilable conflict of interest that has denied Ms. Wanless Due Process of law[;]"[4] and (2) "sanction the Government for continued non-disclosure of mitigating information and the failure to meet the Government's on-going *Brady/Giglio* obligations in the context of a fair sentencing memorandum filed contemporaneously with Ms. Wanless and Ordered by the Court." (Motion to Disqualify at 1.)

While Wanless contends that her Motion to Disqualify is based on the Government's alleged "purposeful violation" of the Court's Scheduling Order, her arguments are largely the same as those the Court already considered and rejected in her Motion to Vacate under the pretense that the Government failed to disclose mitigating

---

[4] "The disqualification of an entire United States Attorney's office is a rare and drastic measure." *United States v. Rehak,* Cr. No 08-072, 2008 WL 11434554, at *2 (D.Minn. June 5, 2008) (citing *United States v. Bolden*, 353 F.3d 870, 875 (10th Cir. 2003)).

4

information in its original position.  (*Compare* Doc. No. 1935 ("Def. Memo.") *with* July 2020 Order.)  For example, Wanless reasserts her allegations with respect to allegedly inadmissible evidence and *Brady* violations.  (*See* Def. Memo. at 6-9.)  Wrongly implying that the Court found merit in this or any other allegation contained in her Motion to Vacate, Wanless now states that "although the [Motion to Vacate] was denied, the truth carried [her]" and argues that "[t]he prosecutors were called upon by the Court to honor that truth – to file a new sentencing memorandum contemporaneously with Ms. Wanless's and correct the false narrative they relied upon."[5]  (*Id.* at 10.)  She contends that "by failing to file [a new position]" the Government "now has advantage of reviewing Ms. Wanless's memorandum and adjusting [its] arguments accordingly" and negates her opportunity to respond to their position at all.  (*Id.* at 13.)

    The Court finds no merit in Wanless's arguments.  As discussed above, the Court previously considered and rejected any allegation that the Government violated its *Brady* obligations, committed any form of prosecutorial misconduct, or abused the judicial process in any way.  The Court also found that Wanless received a fair trial.

---

[5]    In yet another personal attack (*see* Doc. No. 1805 at 5 n.5), Wanless contends that "in refusing" to file a new sentencing position, the Government "revealed an irreconcilable conflict of interest" driven by "[the prosecutors'] personal and/or professional interest of maintaining their image, avoiding any admission of factual inaccuracies or how they utilized inadmissible evidence from 2013 to convict Ms. Wanless of criminal acts she did not do in 2017 thereby conflating her culpability."  (Def. Memo. at 2; *see also id.* at 12 ("[T]he prosecutors might fail to admit reversible errors due to their interest in preserving their image both in their own eyes and that of the public.").)  Having previously dismissed any allegation that the Government misused evidence or committed any form of prosecutorial misconduct, the Court finds these arguments unnecessarily vexatious.

Accordingly, the Court finds no basis to conclude that the Government's original sentencing position is based on a "false narrative" or is deficient in any other way.  The Court understands that Wanless interpreted its Scheduling Order to mean that each party was required to file a sentencing position on or before August 10, 2020.  Notwithstanding, the Court finds the Government's reliance on its initial filing entirely appropriate.  Moreover, the Court finds no basis to conclude that Wanless was harmed or prejudiced by the Government's decision not to file a new position, or that the decision was strategic, malicious, or indicative of any type of conflict of interest.  Indeed, prior to even establishing a briefing schedule, the Government clearly informed Wanless that its sentencing position had not changed since its October filing.  (*See* Scheduling Emails.)  Therefore, Wanless actually had additional time and access to prepare her own position.  Additionally, her opportunity to reply has not been compromised, as she may respond to the Government's original filing just as she would any revised position.

In short, the Court finds no basis to disqualify Government counsel or the U.S. Attorney's office as a whole.  Therefore, the Court denies Wanless's Motion to Disqualify.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Waralee Wanless's Motion to Disqualify Counsel (Doc. No. [1934]) is **DENIED**.

Dated:  August 31, 2020     s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge